UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON BENOIT,

        Plaintiff,

v.                                     CASE NO. 3:17-cv-854-J-34JBT

CITY OF LAKE CITY, FLORIDA,
a Florida municipal corporation, and
GERALD L. FORD, individually,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Defendant City of Lake City's Motion to Tax Costs (Doc. 45) and supporting Bill of Costs (Doc. 46), and Defendant Gerald L. Ford's Motion to Tax Costs (Doc. 47) and supporting Bill of Costs (Doc. 48) (collectively "the Motions").  Plaintiff has not objected to the Motions and the time for doing so has passed.  For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motions be **GRANTED in part** and **DENIED in part**.

---

    [1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I.    Background

On October 16, 2018, the Court granted Defendant Gerald L. Ford's ("Ford") Dispositive Motion for Summary Judgment (Doc. 33) and Defendant City of Lake City's ("Lake City") Motion for Summary Judgment (A Dispositive Motion) (Doc. 34), and directed that judgment be entered in favor of Defendants and against Plaintiff.  (Doc. 43 at 22–23.)  Judgment was entered accordingly on October 17, 2018.  (*See* Doc. 44.)   Thereafter, the subject Motions were timely filed.   On November 2, 2018, the Honorable Marcia Morales Howard referred the Motions to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution.  (Doc. 49.)   However, the Court deferred ruling on the Motions pending the outcome of Plaintiff's appeal.  (Doc. 52.)  On December 20, 2018, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal for want of prosecution.  (Doc. 53.)  Thus, the Motions are ripe for resolution.

## II.    Standard

"Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d), but a court may only tax costs as authorized by statute."  *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014)[2] (quotations omitted). Defendants seek to recover costs pursuant to 28 U.S.C. § 1920, which provides in relevant part that a court may tax the following costs:

---

[2] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . .

### III.    Analysis

Lake City seeks total costs in the amount of $2,948.26, plus post-judgment interest.  (Doc. 45 at 2–3.)  Specifically, it seeks $2,051.15 for court reporter and transcript fees, $160.05 for exemplification and copying fees, and $737.06 for mediation expenses.  (*Id.* at 2; Doc. 46 at 1.)  Ford seeks total costs in the amount of $2,630.26, plus post-judgment interest.  (Doc. 47 at 2–3.)  Specifically, he seeks $400.00 for Clerk fees, $1,073.65 for court reporter and transcript fees, $371.55 for fees and disbursements for printing, $48.00 for exemplification and copying fees, and $737.06 for mediation expenses.  (*Id.* at 2; Doc. 48 at 1.)   Upon review, the undersigned recommends that, despite the absence of any objection by Plaintiff, 28 U.S.C. § 1920 does not permit the recovery of some of the subject costs.

### A.    Shipping Costs

First, of the $2,051.15 Lake City seeks in costs associated with court reporter and transcript fees, $56.25 is associated with delivery and handling costs. (Doc. 45-1 at 8–9; Doc. 46 at 5–6.)  Similarly, of the $1,073.65 Ford seeks in costs related to court reporter and transcript fees, $35.00 is associated with delivery and handling costs.  (Doc. 47-1 at 6.)

"Although some courts in this circuit allow for the recovery of delivery fees associated with transcripts, others have reached the contrary conclusion." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) (citations omitted) (collecting cases).  The undersigned recommends that the shipping and handling costs associated with transcripts are not recoverable.  *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions . . . .").  Accordingly, the undersigned recommends that Lake City recover $1,994.90 of the $2,051.15 sought for transcript costs, and that Ford recover $1,038.65 of the $1,073.65 sought for transcript costs

## B. Mediation Costs

Second, the $737.06 that both Lake City and Ford each seek to recover in mediation expenses is not authorized by 28 U.S.C. § 1920.  "[I]t is well settled within [this District] that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920." *Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC*, Case No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013).  Accordingly, the undersigned recommends that the requests for mediation expenses be denied.[3]  *See Nicholas v. Allianceone*

---

[3] This is not the first time the Court has advised Lake City's attorney that mediation expenses are not recoverable under 28 U.S.C. § 1920.  *See Davis v. City of Lake City*, 3:10-cv-1170-J-34TEM, Doc. 76.  Mediation expenses should not be requested in the future.

*Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (mediation costs are not taxable under 28 U.S.C. § 1920).

## IV.   Summary

For the reasons stated herein, the undersigned recommends that costs in the amount of $2,154.95 be taxed in favor of Lake City and against Plaintiff, consisting of $1,994.90 for transcript costs and $160.05 for copy costs. Additionally, the undersigned recommends that costs in the amount of $1,858.20 be taxed in favor of Ford and against Plaintiff, consisting of $400.00 for Clerk fees, $1,038.65 for transcript costs, $48.00 for exemplification costs, and $371.55 for copy costs.

## V.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.     The Motions (**Docs. 45 & 47**) be **GRANTED in part** and **DENIED in part** as explained herein.

2.     The Clerk of Court be directed to tax costs in the amount of $2,154.95 in favor of Lake City and against Plaintiff, adjust Lake City's Bill of Costs (Doc. 46) as stated herein, and enter judgment accordingly.

3.     The Clerk of Court be directed to tax costs in the amount of $1,858.20 in favor of Ford and against Plaintiff, adjust Ford's Bill of Costs (Doc. 48) as stated herein, and enter judgment accordingly.

**DONE AND ENTERED** at Jacksonville, Florida, on March 14, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record